

**FILED**
**Dec 21, 2018**
**02:27 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| WILLIE JEFFERSON,<br>Employee, | ) ) | Docket No. 2017-08-0964 |
| v. | ) ) | |
| SOLAE, LLC,<br>Employer, | ) ) ) | State File No. 74073-2017 |
| OLD REPUBLIC INS. CO.,<br>Carrier,<br>and | ) ) ) ) | |
| SUBSEQUENT INJURY AND<br>VOCATIONAL RECOVERY FUND. | ) ) | Judge Amber E. Luttrell |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This Court heard Solae's Motion for Summary Judgment on December 11, 2018, and for the reasons below, holds Solae is entitled to summary judgment.

### History

Mr. Jefferson worked for Solae as a machine operator filling bags with protein powder. He alleged that his exposure to this powder caused an occupational disease resulting in end-stage renal disease.

According to Mr. Jefferson, he first believed the protein powder at work and his health were connected in 2003, when a physician delayed his hernia surgery due to elevated protein levels in his blood. Mr. Jefferson continued working for Solae until November 12, 2016, when he retired following a hospitalization for his health.

Mr. Jefferson filed a Petition for Benefit Determination on September 1, 2017, seeking workers' compensation benefits for end-stage renal disease and listing his date of injury as November 12, 2016.

1

Following an expedited hearing, the Court entered an order denying benefits.[1] Specifically, the Court determined that Mr. Jefferson did not produce any medical evidence to corroborate his claim. In fact, the entirety of the medical proof was contrary to his position. Mr. Jefferson's physicians at the VA Medical Center all stated, in various ways, that the cause of his condition was unknown. Moreover, Dr. Geeta Gyamlani marked "no" on an Attending Physician's Statement when asked if Mr. Jefferson's condition resulted from an injury or if the condition were work-related. The Court held that, absent supporting medical evidence, he was not likely to prevail at trial in proving his condition arose primarily out of and in the course and scope of his work.

Mr. Jefferson timely filed an appeal of the expedited hearing order, and the Appeals Board affirmed. Solae then filed its Motion for Summary Judgment, Statement of Undisputed Facts, and Memorandum in Support.

## Solae's Motion

Solae argued Mr. Jefferson cannot satisfy his burden of proof that his injury arose primarily out of and in the course and scope of his employment. Specifically, Solae argued Dr. Gylamlani stated Mr. Jefferson's condition was not the result of an injury and not work-related, which negated an essential element of Mr. Jefferson's claim—medical causation. It further argued that Mr. Jefferson's proof is insufficient to establish medical causation.

Solae contended it is entitled to summary judgment. It cited *Beecher v. McKesson Corp.*, 2017 Tenn. Wrk. Comp. App. Bd. LEXIS 41 (July 21, 2017), for the proposition that summary judgment is appropriate when an employee fails to produce expert medical proof of causation.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Solae must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Jefferson's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. *See* Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Solae is successful in meeting

---

[1] For brevity, the Court did not restate the medical evidence introduced by the parties at the expedited hearing. The Court incorporates by reference the detailed factual findings in its expedited hearing order.

this burden, Mr. Jefferson must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

Solae filed a Statement of Undisputed Facts containing eight statements. Mr. Jefferson filed a response raising no objection to Solae's filing and agreed that the majority of those facts were undisputed.[2] The Court finds Mr. Jefferson only listed "no" to statement four, which indicated Mr. Jefferson's became aware of his condition in 2004. Mr. Jefferson noted in his response that he became aware of his condition in 2003. The Court finds this factual dispute is not material to the issue before the Court on summary judgment.

The Court finds Mr. Jefferson did not indicate whether he agreed to statement number six, which provided excerpts from this Court's expedited hearing order, and number seven, which stated he sought an appeal of the order. Instead, he presented argument in response to those facts. The Court considers these facts undisputed. The Court now turns to the issue of whether under Rule 56 summary judgment is "appropriate."

The Court finds Solae successfully demonstrated that Mr. Jefferson's evidence is insufficient to establish the essential element of medical causation. The only medical opinions available in this case are those introduced at the expedited hearing, which were contrary to Mr. Jefferson's position. In responding to Solae's motion, Mr. Jefferson must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in his favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Further, he must do more than simply offer hypothetical evidence; he must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of his workers' compensation claim. *Id.*

Here, Mr. Jefferson produced no material facts to lead the Court to find in his favor. He did not produce any medical evidence in response to the motion for summary judgment to establish that his condition arose primarily out of and in the course and scope of his employment. Instead, he argued that Solae did not comply with its obligations under the Workers' Compensation Law, and the Court misinterpreted the medical proof at the expedited hearing. He restated his belief his current condition arose out of his work activities at Solae.

Although the Court acknowledges Mr. Jefferson's sincerely held belief that his end-stage renal disease arose primarily out of his work, his lay opinion alone is legally

---

[2] Tennessee Rule of Civil Procedure 56.03 provides that each statement of undisputed facts must be accompanied by a citation to the record. Rule 56.03 provides this requirement is "in order to assist the Court in ascertaining whether there are any material facts in dispute." Tenn. R. Civ. P. 56.03. Solae's statements of undisputed facts were not accompanied by a citation to the record; however, Mr. Jefferson did not object and filed his response agreeing to Solae's statement of material facts. Under these circumstances, the Court finds the parties agreed that no *material* facts are disputed, and it may consider the merits of Solae's motion.

insufficient to establish the essential element of medical causation. Accordingly, Solae's Motion for Summary Judgment is **granted**, and Mr. Jefferson's claim is dismissed with prejudice.

The costs of this cause are taxed to Solae under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07, to be paid within five days of this order becoming final. Solae shall prepare and submit the SD-2 for this matter within ten days of the date of this order. Absent appeal, this order shall become final thirty days after entry.

**IT IS SO ORDERED.**

**ENTERED December 21st, 2018.**

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on December 21st, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Willie Jefferson, Self-Represented Employee | X | | X | Ollie_jefferson@comcast.net; 4116 Marty Street Memphis, TN 38109 |
| Stephen Miller, Employer's Attorney | | | X | smiller@mckuhn.com |
| Timothy Kellum, SIVRF's Attorney | | | X | Timothy.kellum@tn.gov |

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov